UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
## CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ _____ Original Plan
☒ SECOND _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Daniel Geovanny Armas    JOINT DEBTOR: _____    CASE NO.: 24-13113-CLC
SS#: xxx-xx- 2228               SS#: xxx-xx- _____

### I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☒ Not included |
| Nonstandard provisions, set out in Section IX | ☒ Included | ☐ Not included |

### II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $179.78 for months 1 to 36;

**B. DEBTOR(S)' ATTORNEY'S FEE:** ☐ NONE   ☐ PRO BONO

| Total Fees: $5,200.00 | Total Paid: $1,625.00 | Balance Due: $3,575.00 |
|---|---|---|
| Payable $143.00 /month (Months 1 to 25) | | |

Allowed fees under LR 2016-I(B)(2) are itemized below:
Safe Harbor: $5,000.00 Attorney's Fees + $200.00 Costs = $5,200.00

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

### III. TREATMENT OF SECURED CLAIMS   ☐ NONE

**A. SECURED CLAIMS:** ☒ NONE
**B. VALUATION OF COLLATERAL:** ☒ NONE
**C. LIEN AVOIDANCE** ☒ NONE
**D. SURRENDER OF COLLATERAL:** ☐ NONE

Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

☒ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors.

☐ Other: _____
Name of Creditor       Last 4 Digits of Account No.   Description of Collateral (Address, Vehicle, etc.)

LF-31 (rev. 04/01/22)

Debtor(s): Daniel Geovanny Armas    Case number: 24-13113-CLC

| | Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|---|
| 1. | NAVY FEDERAL CREDIT UNION | 4684 | Secured Credit Card |
| 2. | Preferred Credit, Inc. | 2228 | Rainsoft Water System at property no longer owned |

E. DIRECT PAYMENTS  ☒ NONE

IV. TREATMENT OF FEES AND PRIORITY CLAIMS [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]  ☒ NONE

V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS  ☐ NONE

  A. Pay  $18.80  /month (Months  1  to  25  )

     Pay  $161.80  /month (Months  26  to  36  )

     Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

  B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

  C. SEPARATELY CLASSIFIED:  ☒ NONE

VI. STUDENT LOAN PROGRAM  ☒ NONE

VII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES  ☒ NONE

VIII. INCOME TAX RETURNS AND REFUNDS:

  ☒ The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee (but not file with the Court) with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income. [Miami cases]

IX. NON-STANDARD PLAN PROVISIONS  ☐ NONE

  ☒ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

  Confirmation of the plan shall not bar Debtor's counsel from filing an Application for Compensation for any work performed before confirmation.

  ☐ Mortgage Modification Mediation

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

/s/ Daniel Geovanny Armas    Debtor    7/31/2024    Date

_____    Joint Debtor    _____    Date

/s/ Jose A. Blanco, Esq.    Date

Attorney with permission to sign on Debtor(s)' behalf who certifies that the contents of the plan have been reviewed and approved by the Debtor(s).[1]

By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.

LF-31 (rev. 04/01/22)                  Page 2 of 3

Debtor(s): Daniel Geovanny Armas    Case number: 24-13113-CLC

Page 3 of 3

---

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.